# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EDDIE GENE EVANS,**
    **Petitioner,**

  **v.**            **Case No. 05-C-0904**

**GARY MCCAUGHTRY,**
**CHARLES C. FOTI JR.,**
     **Respondents**.

---

## <u>DECISION AND ORDER</u>

Pursuant to 28 U.S.C. § 2254, petitioner Eddie Gene Evans seeks a writ of habeas corpus arguing that he is incarcerated because the State of Louisiana violated his right to due process when it took away his good time credits and extended his mandatory release date. Petitioner is incarcerated in Wisconsin because Louisiana transferred his custody here.[1] Petitioner sought relief in the Western District of Wisconsin, and the court there transferred the case to this district.

Petitioner was convicted in Oachita Parish District Court of Louisiana in 1985 and was sentenced to thirty-five years imprisonment without the benefit of probation, parole or suspension of sentence. According to the law under which petitioner was sentenced, however, he was entitled to mandatory release after serving two-thirds of his sentence, or

---

[1]Petitioner originally named the Wisconsin Dept. of Probation and Parole, Louisiana Dept. of Probation and Parole, and the Louisiana Dept. of Corrections as respondents. Pursuant to Rule 2 (b) of the Rules governing § 2254 cases, petitioner must name as respondents the state officer who has current custody, here Gary McCaughtry, Warden of Waupun Correction Institution, and the attorney general of the state where the challenged judgment was entered, here, Charles C. Foti, Jr. Attorney General, State of Louisiana. I have, therefore, substituted the appropriate parties.

twenty-three years, four months. Thus, he was scheduled to be released in February 2008. In 2003 the State of Louisiana released petitioner early. Two months after his release, petitioner was arrested in Wisconsin on a separate matter and was found to be in violation of his Louisiana parole. Following a hearing, the Louisiana parole board extended petitioner's sentence to October 25, 2019 (the day his thirty-five year sentence was originally to expire), thereby erasing any "straight time" or "good time" petitioner earned prior to being paroled. In his amended complaint petitioner raises three claims including: (1) placing him in a "paroled condition," when his sentencing statute forbade parole violates his Fourteenth Amendment Due Process rights;[2] (2) the extension of his mandatory release date from May 8, 2008 to October 25, 2019 for violating his parole violated due process; and (3) the document placing petitioner in a paroled condition is unenforceable, as it was improperly executed.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

To state a cognizable claim under the Fourteenth Amendment, petitioner must provide evidence that he has a legitimate expectancy to this right. Wolff v. McDonnell, 418 U.S. 539 (1974). "[T]o determine whether due process requirements apply in the first

---

[2]Petitioner also alleges a fourth claim that is essentially identical to his first.

Case 2:05-cv-00904-LA    Filed 10/06/05    Page 2 of 5    Document 8

place, we must look not to the 'weight' but to the <u>nature</u> of the interest at stake." <u>Greenholtz v. Inmates of the Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979) (quoting <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 570-71(1972)). In order to have a protectible right, a person must have a legitimate entitlement to that right. <u>Id.</u> at 7 (quoting <u>Roth</u>, 408 U.S. at 577). "There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence." <u>Id.</u> A state may, however, create an expectancy entitled to constitutional protection. <u>Wolff</u>, 418 U.S. at 539.

Petitioner asserts that under the terms of his original sentence, he was to serve time without benefit of probation, parole or suspension of sentence. The terms of his original sentence required him to serve two-thirds of his original sentence, or until May 8, 2008. Petitioner was, however, released early in 2003 "as if" on parole. Following the violation of his 2003 release agreement, however, petitioner is now required to serve time until October 25, 2019, or the remainder of his term, thereby forfeiting all good-time credits. In <u>Harris v. Duckworth</u>, 909 F.2d 1057 (7th Cir. 1990), the Seventh Circuit indicated that a habeas petition is the proper procedural vehicle to challenge a loss of good-time credits. <u>Id.</u> at 1058. A claim "seeking immediate or speedier release from . . . confinement [is the] heart of habeas corpus." <u>Preiser v. Rodriguez</u>, 11 U.S. 475, 498 (1973).

Therefore, it appears as if petitioner has stated at least cognizable constitutional claims.[3]

---

[3]Petitioner's amended complaint clarifies that he seeks to challenge the loss of his good-time credits, and his release "as if" on parole which led to the loss of those credits, which at least appear to be cognizable claims under the Fourteenth Amendment.

3

**THEREFORE, IT IS ORDERED** that petitioner's motion to amend his petition is **GRANTED**.

**IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

4

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of October, 2005.


/s_____
LYNN ADELMAN
District Judge

5