# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GENE EVANS,**
    **Petitioner,**

  v.              Case No. 05C0904

**GARY R. MC CAUGHTRY,**
    **Respondent.**

## DECISION AND ORDER

Petitioner Eddie Gene Evans seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is presently serving a seven year sentence in a Wisconsin prison for armed robbery, and Louisiana has lodged a detainer based on petitioner's alleged violation of his Louisiana parole. In 1985, Oachita Parish District Court in Louisiana sentenced petitioner to thirty-five years without the benefit of probation, parole or suspension of sentence. Notwithstanding the restrictions in his sentence, Louisiana permitted petitioner to participate in a "double good time" program, and in 2003, released him "as if" he were on parole. Pursuant to the detainer, when petitioner completes his Wisconsin sentence, he will be transferred to Louisiana. See Carchman v. Nash, 473 U.S. 716, 719 (1985) (stating that a detainer is a request filed by a criminal justice agency asking an institution either to hold a prisoner or to notify the agency when his release is imminent). Presumably, Louisiana will then address petitioner's alleged parole violation and determine what to do with him. In his habeas petition, petitioner does not challenge his Wisconsin custody but only the constitutionality of the Louisiana detainer. He argues that because his Louisiana

sentence stated that he could not be paroled, Louisiana in effect paroled him illegally and therefore cannot revoke his parole.

Because petitioner challenges the operation of Louisiana law, I have tentatively concluded that although venue lies in this district, the interests of justice will be best served if I transfer venue to the Western District of Louisiana in which Oachita Parish is located. See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 499 n.15 (1973) (stating that district court in lodging state would normally be the preferred venue for a challenge to a detainer because it would likely be more familiar with the laws and practices of the lodging state, and because it would be a more convenient place for the lodging state to defend the detainer). This reasoning applies equally to the present case. A court in Louisiana is likely to be more familiar with Louisiana statutes and parole procedures than I am. Thus, pursuant to 28 U.S.C. § 1404(a), I propose to transfer the present action to the Western District of Louisiana. However, before doing so, I will give the parties an opportunity to object or otherwise comment on my proposal. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating that a district court may transfer venue sua sponte provided it give parties an opportunity to object).

Therefore,

**IT IS ORDERED** that the parties advise me of their view concerning transferring venue of the present action to federal court in Louisiana within ten days of receipt of this order.

Dated at Milwaukee, Wisconsin this 11 day of May, 2006.

/s_____
LYNN ADELMAN
District Judge

2